IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JASON and MARY BETH NANCE, as parents and next friends, wrongful death beneficiaries, and the Personal Representatives of the Estate of M. N., a deceased minor,<br>97 Watson Road<br>Delta, Pennsylvania 17314<br><br>    Plaintiffs<br><br>v.<br><br>ROBERT HOOFNAGLE, M.D.<br>520 Upper Chesapeake Drive<br>Bel Air, Maryland 21014<br><br>    and<br><br>HOOFNAGLE UROLOGY CENTER, LLC<br>520 Upper Chesapeake Drive<br>Bel Air, Maryland 21014<br><br>    <u>Serve On: Resident Agent</u><br>    Resagent, Inc.<br>    7 St. Paul Street<br>    Baltimore, Maryland 21202<br><br>    and<br><br>ROBERT HOOFNAGLE, M.D., PA<br>103 Country View Court<br>Churchville, Maryland 21208<br><br>    <u>Serve On: Resident Agent</u><br>    Resagent, Inc.<br>    7 St. Paul Street<br>    Baltimore, Maryland 21202<br><br>    Defendants | RDB 10 CV 3303<br><br>Case No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Jason and Mary Beth Nance, as Parents and Next Friends of M. N., beneficiaries under Maryland's Wrongful Death Act, and the Personal Representatives of the Estate of M. N., by and through their attorneys, Gregory G. Hopper and Salsbury, Clements, Bekman, Marder & Adkins, hereby sue and bring the following medical negligence claim against Defendants, Robert Hoofnagle, M.D., Hoofnagle Urology Center, LLC, and Robert Hoofnagle, M.D., P.A., and state as follows:

1. Dr. Robert Hoofnagle performed an orchiopexy and inguinal hernia repair surgery on M. N., a 7 year old boy, on December 18, 2008. During the surgery, Dr. Hoofnagle lacerated M████'s bladder twice and inserted a catheter that was too small for a child of this age. M████ was discharged from the Hospital on December 22, 2008.

2. Following M. N.'s discharge, he developed a blockage of his catheter.

3. A Cystogram performed on January 5, 2009, three weeks after surgery, indicated that M. N. was leaking urine from his bladder.

4. On January 12, 2009, four weeks after surgery, Dr. Hoofnagle prescribed a seven day course of Bactrim, an antibiotic used to treat common urinary tract infections, and ordered a culture of M████'s urine.

5. Dr. Hoofnagle received the lab results from the urine culture on January 17, 2009. The report noted that M. N.'s urine contained Pseudomonas, a bacterial pathogen that, left untreated, can cause life-threatening complications.

The report suggested that M████ be placed on specific antibiotics to address the growing Pseudomonas infection and warned that monotherapies have a high rate of failure.

6. Despite being told that M. N. had a growing Pseudomonas infection, Dr. Hoofnagle kept M. N. on Bactrim and did not put him on the multitherapy regimen recommended in the lab report.

7. After one of Dr. Hoofnagle's staff saw the laboratory report, she sent him an email asking whether M. N.'s antibiotic needed to be changed. Dr. Hoofnagle responded by email, stating that the medication did not need to be changed.

8. Over the course of the next few weeks, M. N. developed abdominal pain and began vomiting. Mary Beth Nance, M. N.'s mother, contacted Dr. Hoofnagle's office. Dr. Hoofnagle told her that it was probably the stomach flu and not to bring M████ into the office because he didn't want to expose his other patients to the flu.

9. On February 11, 2009, M. N. died. It was later discovered that because his urinary tract infection and Pseudomonas had been left uncontrolled, it developed into an acute pylonephritis (an inflammation of the kidney) and then urosepsis, a systemic inflammatory response syndrome due to infection.

10. Plaintiffs, Jason and Mary Beth Nance, are the parents of M. N.. They are citizens and residents of the State of Pennsylvania.

11. Defendant, Robert Hoofnagle, M.D., held himself out to Plaintiffs, M. N., and the general public as an experienced, competent, and able urologist

and doctor who possessed that degree of skill and knowledge ordinarily possessed by those who devote special study and attention to the practice of urology and medicine, and, as such, owed a duty to Plaintiffs and M. N. to render that degree of care and treatment ordinarily rendered by those who devote special study and attention to those practice areas.

12. Defendants, Hoofnagle Urology Center, LLC, and Robert Hoofnagle, M.D., P.A., are business entities existing under and governed by the laws of the State of Maryland. They held themselves out to Plaintiffs, M. N., and the general public as Defendants offering urological and related medical services and, in such a capacity, held their actual and apparent agents, servants and/or employees out to Plaintiffs, M. N., and the general public as able, competent, and qualified medical professionals who rendered and provided health care, treatment, and other services within the ordinary standards of care in their respective fields. In so doing, the Defendants were vicariously liable for the actions of their actual and apparent agents, servants, and/or employees and owed a duty to Plaintiffs and M. N. to exercise reasonable skill and care in monitoring, supervising, training, and evaluating the skills and competencies of their people to ensure that they possessed and complied with that degree of skill and knowledge ordinarily possessed by those who devote special study and attention to the practice of their selected fields.

13. At all times relevant to this case, Dr. Hoofnagle was the actual and apparent agent, servant, and/or employee of Hoofnagle Urology Center, LLC and Robert Hoofnagle, M.D., P.A.

Case 1:10-cv-03303-RDB   Document 1   Filed 11/23/10   Page 5 of 9

14. The amount of this claim exceeds the jurisdictional limit of the United States District Court for Maryland (Seventy-Five Thousand Dollars).

15. The Court has jurisdiction over this action under the diversity of citizenship provision found in 28 U.S.C. 1332.

16. Venue is proper pursuant to 28 U.S.C. 1391(a).

17. In compliance with Maryland law, Plaintiffs filed a timely Statement of Claim, three Certificates of Merit, and an Election to Waive Arbitration with the Health Care Alternative Dispute Resolution Office. A copy of these documents are attached hereto as **Exhibit 1**.

18. Plaintiffs demand a jury trial on all counts in the Complaint.

## COUNT 1

### The Estate's Survival Claim

19. Plaintiffs, Jason and Mary Beth Nance, as the Personal Representatives of the Estate of M. N., hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 18 as if fully set forth herein.

20. Defendants, Robert Hoofnagle, M.D., Hoofnagle Urology Center, LLC, and Robert Hoofnagle, M.D., P.A., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in that they:

a. failed to properly perform the orchiopexy and inguinal hernia repair surgery on M. N. on December 18, 2008;

b.  lacerated M. N.'s bladder twice during the orchiopexy and inguinal hernia repair surgery on December 18, 2008 in violation of the applicable standard of care;

c.  failed to select and insert a properly sized catheter for use on M. N., instead selecting and inserting a French 6 catheter that was too small for a child his age and making the catheter prone to blockage and leakage, in violation of the applicable standard of care;

d.  failed to recognize that M. N. was at a high risk of developing a urinary tract infection given the surgical misadventure on December 18, 2008 and taking steps to prevent him from developing an infection in violation of the applicable standard of care;

e.  failed to put M. N. on a multitherapy antibiotic regimen when the lab results were reported showing a growing Pseudomonas infection in violation of the applicable standard of care;

f.  assumed that M. N. had the stomach flu and instructed his mother not to bring him into the office instead of having a high index of suspicion for infection and investigating whether his signs and symptoms indicated that he was developing pylonephritis, urosepsis, or another serious condition in violation of the applicable standard of care;

g.  failed to take appropriate action to investigate M. N.'s signs and symptoms, recognize his developing systemic infection, and take proper action to prevent it from causing his death in violation of the applicable standard of care; and

    h.    was otherwise careless and negligent.

    21.    As a direct and proximate result of the negligence of the Defendants, M. N. developed pylonephritis and urosepsis, was forced to endure physical pain and suffering, mental anguish, physical and emotional trauma, and other related injuries, and ultimately death.

    WHEREFORE, Plaintiffs, Jason and Mary Beth Nance, as the Personal Representatives of the Estate of M. N., hereby claim damages against Defendants, Robert Hoofnagle, M.D., Hoofnagle Urology Center, LLC, and Robert Hoofnagle, M.D., P.A., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy-Five Thousand Dollars), together with all of the costs of this action.

## COUNT 2

### The Parents' Wrongful Death Claim

    22.    Plaintiffs, Jason and Mary Beth Nance, as wrongful death beneficiaries under Maryland's Wrongful Death Act, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

    23.    Because of the negligence of the Defendants, Robert Hoofnagle, M.D., Hoofnagle Urology Center, LLC, and Robert Hoofnagle, M.D., P.A., a cause of action has accrued in accordance with the Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 3-901 et seq. to Plaintiffs, Jason and Mary Beth Nance, his parents, for compensation for all the damages, injuries, and losses, past, present, and future, which they have sustained and will

sustain because of his death. These damages include, but are not limited to, their severe mental anguish and emotional pain, pecuniary loss, and the loss and deprivation of M. N.'s society, companionship, comfort, care, attention, advice, counsel, services, and support; all items that M. N. would have provided to them had he continued to live.

WHEREFORE, Plaintiffs, Jason and Mary Beth Nance, individually as wrongful death beneficiaries under Maryland's Wrongful Death Act, hereby claim damages against Defendants, Robert Hoofnagle, M.D., Hoofnagle Urology Center, LLC, and Robert Hoofnagle, M.D., P.A., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy-Five Thousand Dollars), together with all of the costs of this action.

## COUNT 3

### The Parents' Claim for Economic Losses

24. Plaintiffs, Jason and Mary Beth Nance, in their individual capacities as the Parents and Next Friends of their minor child, M. N., hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Because of the negligence of the Defendants, Robert Hoofnagle, M.D., Hoofnagle Urology Center, LLC, and Robert Hoofnagle, M.D., P.A., and as a direct and proximate result thereof, Plaintiffs, Jason and Mary Beth Nance, as M. N.'s parents, were forced to suffer economic losses including, but not limited to, his medical and funeral expenses and other expenses and economic losses.

WHEREFORE, Plaintiffs, Jason and Mary Beth Nance, individually as the Parents and Next Friends of their minor child, M. N., hereby claim damages against Defendants, Robert Hoofnagle, M.D., Hoofnagle Urology Center, LLC, and Robert Hoofnagle, M.D., P.A., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy-Five Thousand Dollars), together with all of the costs of this action.

Respectfully submitted,

/s/
_____
Gregory G. Hopper
Salsbury, Clements, Bekman, Marder & Adkins
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410)539-6633

Attorneys for Plaintiffs